UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ROGER RICKY MARKLAND )
)
v. ) NO. 2:04-CV-330
)
JOHN BANKS, )
CONSTANCE SCOTT and )
JOHN PAUL MATHES )


**O R D E R**


This deprivation of property dispute is before the Court to address

motions to dismiss filed by each of the defendants pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state a claim upon which relief can

be granted.  In his *pro se* complaint, the plaintiff  alleges that John Banks rewrote

a "land title" for his sister Constance Scott who started "trying to steal" his land.

There are no allegations stating a claim or seeking damages against John Paul

Mathes.

On the face of the complaint, and from the summonses  issued in this

case, it is apparent that the plaintiff and defendants are all residents of Tennessee.

Because there is no diversity of citizenship in this case, the defendants contend that

the plaintiff has failed to state a claim upon which relief may be granted. The

plaintiff has also failed to allege that any of the defendants were acting under the

color of state law or that any of his constitutional rights were violated. Therefore,

there is no federal question presented on the face of this complaint.

In his *pro se* response to the defendant's motions to dismiss, the

plaintiff alleges that he cannot get the State District Attorneys to do their job

because they know his sister's boyfriend. He also alleges that he cannot get the

seven FBI agents who live in Carter County to do their jobs. Construing these

allegations liberally in favor of the plaintiff, he may be trying to state a claim of a

conspiracy for the purpose of depriving him of the equal protection of the law under

42 *U.S.C.* § 1985.

In *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir.

2005), the Sixth Circuit explains the elements of a Section 1985(3) claim:

> Section 1985(3) prohibits a conspiracy "for the purpose of
> depriving either directly or indirectly, any person or class
> of persons of the equal protection of the laws or of equal
> privileges and immunities under the laws." 42 U.S.C. §
> 1985. To prevail on a § 1985(3) claim, one must prove "
> '(1) a conspiracy; (2) for the purpose of depriving, either
> directly or indirectly, any person or class of persons of the
> equal protection of the laws, or of equal privileges or
> immunities of the laws; (3) an act in furtherance of the
> conspiracy; (4) whereby a person is either injured in his

> person or property or deprived of any right or privilege of a citizen of the United States.'" <u>Vakilian v. Shaw</u>, 335 F.3d 509, 518 (6th Cir.2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Moreover, the Supreme Court has stated that <u>"[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions."</u> *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).
> (emphasis added)

In his complaint and in his response to the motions to dismiss, the plaintiff has failed to allege any facts sufficient to establish a conspiracy claim under § 1985(3) because the plaintiff did not allege any class-based animus. Therefore, the plaintiff has failed to state a claim under §1985(3).

## CONCLUSION

Based upon the foregoing reasons, it is hereby **ORDERED** that the defendants' motions to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) are **GRANTED** [Docs. 5, 6, and 7], and the plaintiff's complaint in regard to any alleged federal claim is **DISMISSED WITH PREJU-DICE.**

## STATE LAW CLAIMS

The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal issues are dismissed before trial. *Gaff v. FDIC*, 814 F.2d 311, 319 (6th Cir.1987). The Court finds that there is no reason presented in this case to warrant a departure from that general rule, and that based upon "judicial economy, convenience. fairness, and comity," that this Court should not exercise pendent jurisdiction of these claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the Court declines to exercise pendent jurisdiction of the plaintiff's state law claims, and it is hereby **ORDERED** that these state law claims are **DISMISSED WITHOUT PREJU- DICE**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4